[No. G039767. Fourth Dist., Div. Three. May 13, 2008.]

KIMBALL AVENUE, Plaintiff and Appellant, v.
LUPE FRANCO, Defendant and Respondent.

1226

## Counsel

Philipson & Simon and David Simon for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

## Opinion

**THE COURT.**[*]—In dismissing this appeal for lack of jurisdiction, we hold that a trial court cannot restart the clock for filing a notice of appeal by vacating and "re-entering" a judgment on the ground that the appellant never received notice of entry of judgment.

### Background

On November 30, 2006, the trial court granted defendant's motion to enforce a settlement agreement, but took under consideration the issue of attorney fees. About two weeks later, the court issued a minute order granting defendant's motion for attorney fees in the amount of $12,375. On April 10, 2007, defendant served on plaintiff a notice of ruling which stated that the court granted defendant's motion for an order enforcing the settlement agreement and ordered plaintiff to "immediately pay" to defendant $189,671.50.

Within a week of receiving the notice of ruling, plaintiff filed an objection to the document, stating that the court had not "ordered Plaintiff to immediately pay to Defendant . . . $189,671.50," nor would such an order have been authorized. Plaintiff pointed out that under Code of Civil Procedure section 664.6, the court can only "enter judgment pursuant to the terms of the settlement" and then the prevailing party can act to enforce the judgment. (All further statutory references are to the Code of Civil Procedure unless otherwise indicated.) Moreover, plaintiff pointed out that "a judgment has not been entered . . . ."

---

[*]Sills, P. J., Rylaarsdam, J., and Ikola, J.

Unbeknownst to plaintiff, the court entered judgment for defendant in the amount of $189,671.50 on April 30, 2007. The court file also contains another version of the notice of ruling that had been earlier served on plaintiff. This notice of ruling, bearing a file-stamp date of April 30, 2007, *contains* handwritten corrections of the original document. Specifically, someone had stricken the statement that the court had ordered plaintiff to "immediately pay" defendant, and by interlineation added that the court had "entered judgment against Plaintiff in favor of Defendant in the amount of . . . $189,671.50." Neither the revised notice of ruling, the judgment, nor notice of entry of judgment was served on plaintiff.

On November 6, 2007, plaintiff's attorney happened to check the superior court Web site and discovered that a proposed judgment had been filed and judgment entered in the case. The court file contained no proof of service as to either document, nor did it contain a notice of entry of judgment sent by either defendant or the clerk of the court. Plaintiff promptly filed a motion to vacate the judgment as void because plaintiff had not received notice of entry of judgment as required by section 664.5, subdivisions (a) and (b). The motion alternatively argued the judgment was void because it was obtained through secrecy and fraud.

In a minute order dated December 11, 2007, the court granted the motion to vacate the judgment. The order states: "Defendant failed to serve the proposed judgment it submitted to the court per [California Rules of Court, rule] 8.25; accordingly, plaintiff was not on notice that it needed to constantly check the records to see if judgment had been entered. [¶] The filing of the judgment on 4-30-07 is cancelled. The judgment is hereby deemed filed (12-11-07)." Plaintiff filed a notice of appeal 22 days later—247 days after the judgment was first entered on April 30, 2007.

This court notified plaintiff that it was considering on its own motion dismissing the appeal for lack of jurisdiction. The parties were invited to file letter briefs addressing whether the trial court exceeded its jurisdiction by vacating and then reinstating the judgment as of December 11, 2007, and whether this judicial act extended the time within which the judgment could be appealed. Only plaintiff filed a letter brief.

### Discussion

The trial court's unusual action in vacating a judgment nearly seven and a half months old, and purporting to "re-enter" it effective December 11, 2007, was obviously well intentioned. The court was attempting to restore plaintiff's right to appeal—a right lost when plaintiff failed to appeal within 180 days after entry of the judgment. (See Cal. Rules of Court, rule 8.104(a)(3).) The

court was clearly bothered by the lack of notice to plaintiff in regards to the judgment, specifically citing defendant's failure to serve plaintiff with a proposed judgment. Concededly, plaintiff received none of the notice that was its statutory due. Notwithstanding this failure of notice, however, the court lacked jurisdiction to vacate the judgment. Thus the notice of appeal is untimely.

In its letter brief, plaintiff argues the court properly vacated the judgment because it was void, and a void judgment is of no effect and can be set aside at any time. This argument fails because its premise is unsupported: Plaintiff does not establish that the April 30, 2007 judgment was void.

### 1. *Voidness Based on Lack of Notice of Entry of Judgment*

■ Plaintiff first contends the judgment is void because the statutory requirements for notice of entry of judgment set forth in section 664.5, subdivisions (a) and (b) were unmet. Subdivision (a) mandates that the party submitting a judgment for entry must serve notice of entry on all parties who have appeared in the action, and must file proof of service of same; subdivision (b) mandates that the court clerk mail notice of entry of judgment to all parties "promptly" after judgment is entered. Neither subdivision was complied with here. However, there is no merit to plaintiff's assertion that lack of compliance with this statutory notice requirement renders a judgment void.

When both the court clerk and the party submitting the judgment fail to serve the statutorily mandated notice of entry of judgment, the sole consequence is that a longer statutory period for filing the notice of appeal comes into play. In other words, rather than the 60-day period that would have run from notice of entry of the judgment, an appellant has 180 days from entry of judgment to file the notice of appeal. (See Cal. Rules of Court, rule 8.104(a)(1), (2); *Baldwin Park Redevelopment Agency v. Irving* (1984) 156 Cal.App.3d 428, 433 [202 Cal.Rptr. 792]; *Grenell v. City of Hermosa Beach* (1980) 103 Cal.App.3d 864, 869 [163 Cal.Rptr. 315].) The lack of notice does not jeopardize the judgment.

■ Of course, it would have been helpful to find case law holding as much. We found none, perhaps because other courts have considered this conclusion too obvious to state. Stepping into the breach, we hold that noncompliance with the statutory notice requirements for entry of judgment does *not* render the judgment void.

We note the trial court vacated the judgment based on defendant's noncompliance with a different statute. According to the minute order, the court

"cancelled" the judgment because defendant failed to serve the proposed judgment on plaintiff as required by California Rules of Court, rule 8.25 ("Before filing any document, a party must serve . . . one copy of the document on the attorney for each party separately represented . . . ."). Again, there is no basis for voiding a judgment based on a party's noncompliance with rule 8.25.

## 2. *Voidness Based on Extrinsic Fraud*

Plaintiff's second argument for finding the judgment void is based on a claim of extrinsic fraud. Plaintiff asserts the court's order vacating the judgment was simply an exercise of its equitable power to set aside a judgment rendered by reason of extrinsic fraud or mistake. (See *Gibble v. Car-Lene Research, Inc.* (1998) 67 Cal.App.4th 295, 314 [78 Cal.Rptr.2d 892] [" 'The court may grant relief under its inherent equity power if, because of the fraud of his opponent, the aggrieved party was prevented from presenting his claim or defense to the court.' "].)

Plainly, the court did not make a finding of extrinsic fraud. Instead, the minute order states the court "cancelled" the judgment because defendant "failed to serve the proposed judgment" and thus plaintiff "was not on notice" of the need to monitor the court file for entry of judgment. The minute order neither mentions fraud nor impliedly suggests it. Moreover, plaintiff failed to establish essential elements of a claim for equitable relief from the judgment based on extrinsic fraud.

"To be entitled to relief from a judgment on the ground of extrinsic fraud, a party must show he or she had a meritorious defense, which would have been raised but for the other party's wrongful conduct [citations], and also must establish all of the elements of fraud [citations], which include an intentional or reckless misrepresentation and justifiable reliance on the misrepresentation by the aggrieved party." (*In re David H.* (1995) 33 Cal.App.4th 368, 381–382 [39 Cal.Rptr.3d 313].) Here, there was neither misrepresentation by defendant nor reliance by plaintiff.

In declarations submitted in support of its motion for relief from the judgment, plaintiff offered the following "evidence" of extrinsic fraud: Defense counsel knew plaintiff intended to appeal the judgment once it was entered, based on a conversation between counsel in the aftermath of the hearing on defendant's motion to enforce the settlement agreement. One of plaintiff's attorneys, Samantha Allswang, verified on three different dates that no judgment or proposed judgment had been entered. Specifically, Allswang checked the court file on March 7, 2007, queried court personnel on April 18,

and checked the court Web site on May 15. Finally, plaintiff's attorneys were "shocked" when Allswang next checked the court Web site on November 6 and discovered that judgment had been entered on April 30.

Plaintiff does not cite any representation by defendant or defense counsel to the effect that a judgment had not been entered or would not be entered. Plaintiff knew a judgment was forthcoming and also knew it would have an outside deadline of 180 days from entry of that judgment to appeal. (Cal. Rules of Court, rule 8.104(a)(3).) The fact plaintiff's counsel checked three times for entry of judgment tacitly acknowledges as much. More importantly, that repeated act of checking for entry of judgment is proof plaintiff was not relying on defendant to give notice. Unfortunately for plaintiff, its counsel stopped checking the court Web site between May 15 and November 6—a fatal six-month lapse in vigilance. (See *Palomar Refining Co. v. Prentice* (1941) 47 Cal.App.2d 572, 573 [118 P.2d 322] [court rejected claim of extrinsic fraud based on "deliberate concealment" of entry of order where appellant was not given notice of entry and "appellant was not deceived in any way, and was not relieved of the duty resting upon him to keep himself informed of the court's action upon his motion"].) The facts presented by plaintiff simply do not support a finding of extrinsic fraud.

In conclusion, the judgment in the trial court was not void. Consequently, the court had no jurisdiction to vacate the judgment and "re-enter" it effective a different date.

#### DISPOSITION

The appeal is dismissed for lack of jurisdiction.

A petition for a rehearing was denied June 11, 2008, and the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied August 13, 2008, S164593. Kennard, J., was of the opinion that the petition should be granted.