[No. G044305. Fourth Dist., Div. Three. Dec. 10, 2010.]

In re the Marriage of DAWN E. and PAUL E. MOSLEY.
DAWN E. MOSLEY, Appellant, v.
PAUL E. MOSLEY, Respondent.

**COUNSEL**

Dawn E. Mosley, in pro. per., for Appellant.

Ashworth & Ashworth and Mark S. Ashworth for Respondent.

**OPINION**

**THE COURT.**[*]—The last possible day to file a notice of appeal from an appealable order is 180 days after the signed order is filed. (Cal. Rules of Court, rule 8.104(d)(3).)[1] This outside time limit is jurisdictional and cannot be extended, even if notice was not given. Appellants have a maximum of 180 days to come to a judgment, and cannot wait for a judgment to come to them.

But what happens when a file-stamped appealable order disappears into the juridical equivalent of a sock drawer? Here, the appealable order was signed and file stamped (fittingly enough) on April Fool's Day. But it was not served on the litigants, and did not make its way into the public records. Appellant, who repeatedly (and physically) checked the court files to determine whether any order had been entered, came away emptyhanded. Not until late summer was the order "located" (we do not know where or why), placed in the court file, entered into the computerized case management system, and served upon the parties. Appellant thereupon promptly filed her notice of appeal.

A judgment or an appealable order is presumptively filed on the file-stamped date. This presumption, however, may be rebutted by evidence that the order was not accessible to the public in either paper or electronic form, and was not sealed by court order, or made confidential by law. We hold appellant has rebutted the presumption regarding the date of filing, and her appeal is timely.

---

[*]Rylaarsdam, Acting P. J., Fybel, J., and Ikola, J.

[1] All further references to rules are to the California Rules of Court.

# I

## Procedural History

Dawn E. Mosley (wife) and Paul E. Mosley (husband) are lawyers, although wife put her career aside to act as a stay-at-home mother for the couple's five children. Following the divorce, husband sought to modify his child and spousal support obligations after his career path drastically changed as a result of the economic downturn. Husband successfully appealed the court's ruling on a postsupport modification order, and we remanded with directions. (See *In re Marriage of Mosley* (2008) 165 Cal.App.4th 1375 [82 Cal.Rptr.3d 497].)

On remand, the matter was transferred to Judge Pollard, who held scattered hearings over the period of eight court days in 2009. In October 2009, Judge Pollard took the matter under submission. In January 2010, the court filed a "Ruling on Submitted Matter," directing husband's counsel to prepare a ruling and findings, and to submit it to wife's counsel. In mid-March, husband's counsel submitted a proposed order to Judge Pollard, along with a copy of wife's objections.

Judge Pollard signed a nine-page order regarding child and spousal support. The order bears a file-stamp date of April 1, 2010. However, the order did not make its way into the court file, or into its computerized case management system. The order was not served upon the parties, who were unaware of its existence.

In June 2010, wife telephoned an unnamed superior court clerk to ask whether the court had signed any orders. The clerk told her "that the Judge would be getting to it as soon as she was able, but that no order had been filed." On July 20, 2010, wife again telephoned the clerk's office and was told "there was nothing that had been filed." The next day, July 21, wife personally went to the court to inquire about the case status. "I was told that there was no record of an order being signed, that there was nothing in the 'train station,' waiting to be signed and that apparently our papers had been lost. The clerk then told me to resubmit everything from both parties and the Judge would review everything."

Wife contacted husband's counsel and the two sides agreed to resubmit husband's proposed order and wife's objections to Judge Pollard for the court's review. Wife hand-carried these resubmitted documents to the clerk.

On August 20, 2010, the clerk located the April 1 file-stamped order, which had been "misplaced." Even so, the order was still not entered into the court's computerized case management system until September 10, 2010.

On September 13, 2010, husband's counsel received a file-stamped copy of the April 1 order, with a handwritten notation "relocated 8-20-10." On September 18, husband's counsel served wife with a conformed copy of the April 1 order.

On October 1, 2010, wife acting in propria persona, filed her notice of appeal from the April 1 order. On October 19, we issued the following order: "The court is considering dismissing the appeal because it appears that the notice of appeal is untimely. The notice of appeal was filed more than 180 days after the entry of the order." (See rule 8.104(a)(3).)

Wife filed a letter brief addressing the issue of the timeliness of her appeal. Wife included her sworn declaration, copies of her telephone records, and copies of her e-mails with husband's counsel.

On October 22, 2010, a superior court supervisor filed a clerk's declaration stating that the subject order, although file stamped on April 1, 2010, was "misplaced" "[d]ue to inadvertence and clerical error . . . ." As a result, "conformed copies of the document were not provided to the parties, and the document was not entered into the court's case management system." The clerk's declaration states that the order was "located" on August 20, 2010.

Husband did not submit a responsive letter brief regarding the timeliness of the notice of appeal, and did not contradict or question any of the assertions in wife's declaration.

## II

### DISCUSSION

Under rule 8.104, a notice of appeal must be filed within 60 days after service (whether by the superior court clerk or by a party) of a notice of entry of judgment or a file-stamped copy of the judgment. (Rule 8.104(a).) If there is no notice, the notice of appeal must be filed within 180 days after "entry of judgment." (Rule 8.104(a)(3).) For judgments, the judgment is "entered" on the date of filing, or (in those counties maintaining a judgment book), the date of entry in the judgment book. (Code Civ. Proc., § 668.5; rule 8.104(d)(1).) Orders are "entered" on the date of entry in the written minutes, or the date the signed order is filed. (Rule 8.104(d)(2), (3).)

These time limits are jurisdictional. We are powerless to extend the time to file a notice of appeal, or to hear untimely appeals. (*Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51

[61 Cal.Rptr.2d 166, 931 P.2d 344]; *Kimball Avenue v. Franco* (2008) 162 Cal.App.4th 1224, 1228 [78 Cal.Rptr.3d 352] (*Kimball Avenue*).)

We deal here with the so-called 180-day "outside" time limit. Wife's notice of appeal is presumptively untimely. Wife's October 1 notice of appeal was filed on the 193rd day of the April 1 appealable order—by our calculations 13 days beyond the 180-day deadline.

█ In *Kimball Avenue, supra,* 162 Cal.App.4th 1224, we dismissed an appeal for lack of jurisdiction where the notice of appeal was filed 247 days after entry of the judgment. The plaintiff, who never was served with a copy of the judgment, discovered the judgment while checking the superior court Web site, but it was too late. The trial court attempted to correct its failure to give notice by "cancelling" the original judgment and giving a new filing date. We held the court had no jurisdiction to do so, and dismissed the appeal. "When both the court clerk and the party submitting the judgment fail to serve the statutorily mandated notice of entry of judgment, the sole consequence is that a longer statutory period for filing the notice of appeal comes into play. In other words, rather than the 60-day period that would have run from notice of entry of the judgment, an appellant has 180 days from entry of judgment to file the notice of appeal. [Citations.] The lack of notice does not jeopardize the judgment." (*Id.* at p. 1228.)

The purpose of the 180-day outside limit derives from the need for finality. Without an outside time limit, orders could be appealed years after the fact based on deficiencies in service. Litigants are on inquiry notice that a judgment may be forthcoming and "have an outside deadline of 180 days from entry of that judgment to appeal." (*Kimball Avenue, supra,* 162 Cal.App.4th at p. 1230.) In *Kimball Avenue,* the plaintiff's counsel stopped checking the court Web site between May and November, a "six-month lapse in vigilance" that we deemed to be "fatal" to its appeal. (*Ibid.*)

█ But the 180-day time limit presupposes that so-called "filed" documents in the official record are open and available to the public, in accordance with California's "long-standing tradition of open civil proceedings." (*In re Marriage of Nicholas* (2010) 186 Cal.App.4th 1566, 1568 [113 Cal.Rptr.3d 629] (*Nicholas*).) "[C]ourt records are public records, available to the public in general . . . unless a specific exception makes specific records nonpublic." (*Estate of Hearst* (1977) 67 Cal.App.3d 777, 782 [136 Cal.Rptr. 821], fn. omitted.) "A judicial record is a public writing . . . ." (*Hibernia Savings and Loan Soc. v. Boyd* (1909) 155 Cal. 193, 200 [100 P. 239].)

To implement these principles of public access, the court rules require court records to be "public" and available for inspection to the public at a

court facility or in electronic form. (Rule 2.400 et seq.) Rule 2.550(c), for example, requires "court records" to be presumptively open to inspection by the public, unless a court makes express factual findings to seal them. (See also *Nicholas, supra,* 186 Cal.App.4th at p. 1575 ["A strong presumption exists in favor of public access to court records in ordinary civil trials."].)

■ As a result, a judgment or appealable order is presumptively filed, for purposes of the 180-day time limit, on the file stamped date. That presumably is when it became a public writing "for purposes of First Amendment access rights." (See, e.g., *In re Marriage of Burkle* (2006) 135 Cal.App.4th 1045, 1062 [37 Cal.Rptr.3d 805].) However, as demonstrated by the regrettable history of this case, a document may be file stamped, but still not publicly accessible because of botched recordkeeping. As a result, the presumption about when a document is "filed," for purposes of the 180-day limit, may be rebutted by evidence that the document was not a public record on the file-stamped date.

■ Our interpretation comports with "the well-established policy, based upon the remedial character of the right of appeal, of according that right in doubtful cases 'when such can be accomplished without doing violence to applicable rules.' " (*Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 674 [125 Cal.Rptr. 757, 542 P.2d 1349].) On numerous occasions, California courts have resolved ambiguities concerning appellate jurisdictional time limits to extend, rather than limit, the right to appeal, even where such interpretations may be considered hypertechnical in other contexts. (See discussion in *Alan v. American Honda Motor Co., Inc.* (2007) 40 Cal.4th 894, 903 [55 Cal.Rptr.3d 534, 152 P.3d 1109] (*Alan*).)

■ Wife has rebutted the presumption in several key respects. First, her own declaration establishes that she not only telephoned, but also physically went to the clerk's office and found nothing in any court record to indicate that the anticipated order had been signed and filed by the court. Second, the clerk's declaration corroborates that the April 1 order never became a public record on the file-stamped date. Instead, as the clerk's declaration shows, the April 1 order was "misplaced" was not "located" until mid-August at the earliest. (We do not know exactly when the Apr. 1 order was placed in the court file, but it was not recorded in the court's electronic filing system until Sept. 10.) Unlike the appellant in *Kimball Avenue,* wife did not have a fatal lapse in vigilance over a six-month period. (*Kimball Avenue, supra,* 162 Cal.App.4th at p. 1230.)

■ We stress the narrow reach of our decision. We interpret the phrase "the date the signed order is filed" only in connection with the 180-day outside time limit in rule 8.104(d)(3). As Justice Werdegar has noted, context

matters, and there is not a one-size-fits-all construction to the statutes or rules concerning appellate jurisdiction. (*Alan, supra,* 40 Cal.4th at p. 903.)

That said, we do not purport to determine when a document is "filed" for other purposes. For example, in *Ten Eyck v. Industrial Forklifts Co.* (1989) 216 Cal.App.3d 540 [265 Cal.Rptr. 29], the appellate court dismissed as untimely an appeal which was brought more than 60 days after the appellant was served with a copy of the notice of entry of judgment. Although the appellant had received a notice of the entry of judgment, the appellant sought to excuse his failure to file a timely notice of appeal based on the clerk's failure to enter the judgment in the register of actions. *Ten Eyck* held that the "use of the word 'filing' does not include or require entry of the judgment in the register of actions or entry of the judgment in the court's electronic data-processing system or microfilming the judgment." (*Id.* at p. 545.) *Ten Eyck* deals with the 60-day notice rule (now contained in rule 8.104(a)(1)), where the appellant had actual notice of the judgment.

In like fashion, in *County of Los Angeles v. Ranger Ins. Co.* (1994) 26 Cal.App.4th 61, 65 [31 Cal.Rptr.2d 257], the appealable judgment was placed in the court file *before* it was entered in the register of actions or into the court's electronic data processing system. The court therefore held the judgment's date of entry to be the clerk's "file stamped" date because that was the date in which the document was placed in the court file. "Once a judgment is filed with the clerk, it is entered, and no subsequent action is required to effect entry of judgment." (*Ibid.*) Unlike here, there was no issue regarding whether the judgment was filed and entered as a public record, only a technical question regarding how this entry was documented. The court declined to interpret the statutes "to render an absurd result [citation] or to defeat the Legislature's central objective." (*Id.* at p. 64.) "Adopting Ranger's construction of [the statute] . . . would mean that, in counties which do not maintain a judgment book, no judgment may ever be entered in an action if the judgment was placed in the file of the action before it was either entered in the register of actions, entered in the data-processing system, or micro-filmed." (*Id.* at pp. 64–65.)

Here, in contrast, interpreting the 180-day limit to run from the date the appealable order was filed as a public record is necessary to avoid absurdity and to preserve the constitutional right of appeal. Without such a reasonable and sensible construction, trial courts (whether wittingly or unwittingly) could shield judgments from appellate review by holding them in pectore until the 180-day outside time limit had run its course. This plainly cannot be the law.

█ The age-old philosophical riddle (If a tree falls in a forest and no one is around to hear it, does it make a sound?) underscores the importance of

perceived existence. At least insofar as the 180-day outside time limit is concerned, an order is not "filed" unless it is filed in a public place where its presence is capable of being known.

## III

### DISPOSITION

The motion to dismiss the appeal is denied.