Filed 12/9/21

**CERTIFIED FOR PARTIAL PUBLICATION\***

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| In re Marriage of Tal Kahan and Scott Diamond | B306351 |
| _____ | (Los Angeles County Super. Ct. No. BD592808) |
| SCOTT DIAMOND, | |
| Appellant, | |
| v. | |
| TAL KAHAN DIAMOND, | |
| Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Anne K. Richardson, Judge.  Affirmed.

Law Offices of Kenneth A. Ostrow and Kenneth A. Ostrow for Appellant.

Brot Gross Fishbein and Gary Fishbein for Respondent.

_____

\*      Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of section 2 of the Discussion.

Scott Diamond (husband) appeals from the trial court's order denying his request to terminate or modify the spousal support he pays to Tal Diamond (wife). Husband contends the trial court (1) failed to consider required criteria under Family Code section 4320, (2) erroneously excluded live testimony at the hearing on his motion, and (3) abused its discretion in issuing attorney fee sanctions against him. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The parties were married for 17 years and had three children together. They divorced in 2014. In the stipulated dissolution judgment, husband's gross annual income was listed as $196,440 (approximately $16,000 per month). He was ordered to pay $4,326 per month in spousal support and $3,674 per month in child support.

In 2017, two years before the order challenged in the present appeal, husband filed a request for an order to modify child and spousal support. The court found his yearly gross income had declined to $185,664 and the parties' oldest child had aged out of child support. Among other findings, the court found the reduction in *child support* to be a material change of circumstances for purposes of husband's request for modification of *spousal support* under Family Code section 4326.[1] In considering the factors listed in section 4320, the court

---

[1] Family Code section 4326, subdivision (a) provides that the termination of child support "constitutes a change of circumstances that may be the basis for a request by either party for modification of spousal support."

All further undesignated statutory references are to the Family Code.

2

found wife had made progress in her efforts to become self-supporting.[2] The court reduced husband's spousal support by $526 to $3,800 per month.

On November 22, 2019, husband filed another request to modify spousal support. The trial court's order following the hearing on this request is the one now before us. In this motion, husband relied on three "material changes" he claimed affected the proper amount of spousal support: (1) the parties' second child had aged out of child support, (2) husband's income had decreased, and (3) wife had "failed to make good faith efforts toward becoming self-sufficient."[3] Husband argued the court should terminate spousal support or modify it "to provide equity to the parties."

In opposition, wife argued that husband's request was without merit as his own documentation showed his income had actually increased. Although husband claimed his income had decreased, his concurrently filed Income and Expense Declaration showed his annual income had *increased* to $288,753 ($24,062 per month), and that he was incurring $5,000 in "monthly expenses." These numbers showed that husband was earning approximately $19,000 in monthly income, over $3,000 more than what he had earned monthly in 2017 when spousal support was last modified.

Wife argued the motion was yet another example of husband needlessly causing her to incur substantial attorney fees. She pointed to three other examples: in 2015, less than a year after the parties had executed the stipulated judgment, husband filed a request for

---

[2]     Section 4320 sets forth 14 "circumstances" the trial court shall consider in ordering spousal support.

[3]     Husband also asked the court to modify child support for the parties' youngest child. This request is not at issue on appeal.

modification and then withdrew the request prior to the hearing; in 2018, six months after the court had modified spousal support, husband threatened to file another request for modification and sent a draft to wife's attorney, but did not follow through; and in early 2019, husband sought sanctions and fees, which the court denied. Wife disputed husband's contention that she had not made good faith efforts to earn a living, and noted she had complied with the 2017 recommendation by a vocational expert that she join a real estate brokerage. Wife also asked the court to order husband to pay her legal fees under section 271.[4]

On January 17, 2020, one week before the hearing scheduled on husband's request and less than two months after he had filed his first Income and Expense Declaration, husband filed a new Income and Expense Declaration revising his income: he stated the income from his work was $156,000 and his passive income was $68,654, for a total of $224,654, not $288,753 per year as he had earlier attested. He again claimed $5,000 in "monthly expenses." Compared with the first Income and Expense Declaration which reported approximately $19,000 in gross monthly income, husband now reported roughly $14,000.

Husband was self-represented at the January 24, 2020, hearing. He testified that his first declaration erroneously reported $46,000 in additional income. The court observed that, in 2017, husband's income was found to be $15,472 per month, and compared with his current

---

[4]     Section 271, subdivision (a) provides that "the court may base an award of attorney's fees and costs on the extent to which the conduct of each party or attorney furthers or frustrates the policy of the law to promote settlement of litigation and, where possible, to reduce the cost of litigation by encouraging cooperation between the parties and attorneys."

claimed income, whether calculated using his first or second Income and Expense Declaration, his income had increased. Husband responded that, in fact, if the court took into account the $5,000 in "home office expense" as listed in his updated declaration, his gross income had fallen. At this point, the court observed that husband's January 17, 2020, Income and Expense Declaration was untimely. The court explained that "there's a whole process for serving, giving them an opportunity to respond . . . . And then having a hearing after full notice."

Husband proceeded to argue that his middle child's aging out of child support was a "change of circumstance" that required the court to consider the factors set forth in section 4320 in the court's evaluation of whether to modify spousal support. The court initially disagreed but ultimately accepted there was a material change in circumstance. The court nevertheless found husband "now has an additional $671 a month, and so he has not shown any reason based on the aging-out to modify downward his spousal support, whether under Family Code [section] 4326 or [section] 4320 . . . ." As for husband's argument that wife had not taken adequate steps to become self-sufficient, the court observed that wife "has taken the steps that were suggested by the vocational expert."

The court denied husband's request to modify support, finding that his income had not decreased and wife had "made efforts" to become self-sufficient. On the subject of sanctions, the court stated that, in addition to threatening to file several requests to modify support, husband himself had also unsuccessfully filed a motion for sanctions "rehashing the issues in 2017." The court concluded that husband's "litigation conduct is not what is contemplated by the Family Code," and that husband had asserted many of "the same issues that were raised and rejected in 2017." The court ordered

husband to pay wife's attorney fees of $5,000 incurred in opposing the current request.

Husband timely appealed.

## DISCUSSION

### 1. The Relevant Law on Spousal Support Modification

" 'The trial court has broad discretion to decide whether to modify a spousal support order. [Citation.]' [Citation.] In exercising that discretion, the court must consider the required factors set out in section 4320." (*In re Marriage of Shimkus* (2016) 244 Cal.App.4th 1262, 1273.) The first of these factors, "the marital standard of living, is relevant as a reference point against which the other statutory factors are to be weighed. [Citations.] The other statutory factors include: contributions to the supporting spouse's education, training, or career; the supporting spouse's ability to pay; the needs of each party, based on the marital standard of living; the obligations and assets of each party; the duration of the marriage; the opportunity for employment without undue interference with the children's interests; the age and health of the parties; tax consequences; the balance of hardships to the parties; the goal that the supported party be self-supporting within a reasonable period of time; and any other factors deemed just and equitable by the court. (§ 4320, subds. (b) – (*l*).)" (*In re Marriage of Cheriton* (2001) 92 Cal.App.4th 269, 303.)

We review the trial court's order for abuse of discretion. (*In re Marriage of Left* (2012) 208 Cal.App.4th 1137, 1150.)

### 2. The Timeliness of the Appeal

Before we consider the merits of husband's arguments, we first address wife's motion to dismiss the appeal as untimely.

6

Our analysis requires us to apply one of the emergency orders issued by the Chief Justice in response to the COVID-19 pandemic and this court's implementation of the order made on April 15, 2020.[5]

Under California Rules of Court (CRC), rule 8.104(a)(1), a notice of appeal must be filed within 60 days after service (whether by the clerk or a party) of "a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, showing the date either was served."[6] (CRC, rule 8.104(a)(1).) When considering a post-judgment order that is appealable, such an order is "entered" on the date of entry in the written minutes, or the date the signed order is filed. (CRC, rules 8.104(c)(2), (c)(3).) CRC rule 8.104 applies to postjudgment orders on the modification of spousal support. (See *In re Marriage of Mosley* (2010) 190 Cal.App.4th 1096, 1101.)

---

[5] On April 15, 2020, the Chief Justice authorized the Courts of Appeal to issue orders extending the time "in which to do any act required or permitted under the California Rules of Court." Accordingly, on April 15, 2020, the administrative presiding justice of this district issued an order that provided in pertinent part: "All time periods specified by the California Rules of Court that occur during the time period between April 20, 2020, through and including May 18, 2020, are hereby extended for 30 days from the date of the specified event. . . ." (Apr. 15, 2020 Implementation Order For the Renewed Order Pursuant to Rule 8.66 of the California Rules of Court.)

[6] CRC, rule 8.104(a)(1) provides in full: "A notice of appeal must be filed on or before the earliest of: [¶] (A) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, showing the date either was served; [¶] (B) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, accompanied by proof of service; or [¶] (C) 180 days after entry of judgment." (CRC, rule 8.104(a)(1).)

7

On March 19, 2020, the trial court issued its minute order denying husband's request. In the order, the clerk certified that he or she had served "Notice of Entry of the above minute order" and a copy of the statement of decision on the parties. On March 24, 2020, the court issued a second minute order stating, "Due to clerical inadvertence and error, an[] incomplete Statement of Decision filed and entered on March 19, 2020 was mailed out to Petitioner [husband] and Attorney for Respondent [wife]." The clerk attested that he or she was now serving a complete copy of the Statement of Decision with a Notice of Entry of the March 24, 2020 minute order.

The parties agree that if the clerk's March 19, 2020, service was adequate, then the notice of appeal was timely. Sixty days from March 19, 2020 was May 18, 2020. By the emergency order, if the last day for filing a notice of appeal fell between April 20, 2020 and May 18, 2020, the time to appeal was extended 30 days. In that scenario, husband had until June 17, 2020 (30 days after May 18, 2020) to file his notice of appeal. His notice of appeal, filed on June 12, 2020, would be timely.

Wife argues that the 60-day clock began not with the first notice but with the clerk's *second* notice of entry of the court's minute order, the one filed on March 24, 2020. The 60-day appeal period measured by the second order expired on May 24, 2020, a date not subject to the 30-day extension of the April 15, 2020, emergency order. Under wife's theory, the June 12, 2020, notice of appeal was filed 19 days beyond the May 24 deadline.

We find the appeal timely. Wife argues that it was the March 24 service that was effective to trigger CRC rule 8.104's time periods. She claims that on that date the clerk served "the actual and complete Court's Findings and Order After Hearing and Statement of

8

Decision."[7]  Wife's point is unpersuasive for two reasons:  First, the record is incomplete because it does not include the revised Statement of Decision sent with the second minute order.  Second, wife has not provided authority for her proposition that, when a valid notice of entry of an order has been served on a party, the clerk's subsequent service of a revised Statement of Decision cancels the running of the appeal period and a new 60 days begins.  As a rule, a party appeals from a judgment or post judgment order, not from a Statement of Decision.[8]  (But see *Alan v. Amer. Honda Motor Co., Inc.* (2007) 40 Cal.4th 894, 901 ["Reviewing courts have discretion to treat statements of decision as appealable when they must . . . ."].)

---

[7]     Wife also argues in a footnote that the documents served on March 19, 2021 were not titled "Notice of Entry" as required.  (See, e.g., *Sunset Millennium Associates., LLC v. Le Songe, LLC* (2006) 138 Cal.App.4th 256, 260-261 [60-day deadline not triggered by clerk's service of minute order not titled 'Notice of Entry' on page 1].)  Wife confuses (1) the notice of entry of the minute order, notice of which is part of both the first and second minute orders, (2) and the statement of decision, a separate document.  The first page of each *minute* order includes the clerk's notice of entry.  Wife is incorrect when she asserts that the notice of entry was not on the first page of the original minute order.

[8]     The Statement of Decision mailed with the second minute order is not part of the record.  We do not know the contents of the amended Statement of Decision other than apparently it included pages that were missing from the first Statement of Decision that had already been served on the parties.  Wife's argument boils down to this:  a second minute order that does not contain the actual ruling of the court was sufficient to vacate the running of the initial 60-day appeal period and start a new 60-day period.  We are not persuaded.

We conclude the appeal period commenced on March 19, the emergency order extended the original 60-day period, and the appeal was timely.

### 3. *Husband's Untimely Second Income and Expense Statement*

Husband argues the trial court abused its discretion in rejecting as untimely his second Income and Expense Declaration. He argues "no authority supports" the court's refusal to consider this evidence. On the contrary, CRC rule 5.92 requires that a party moving for modification of support complete an Income and Expense Declaration and file it *with* the Request for Order. (CRC, rule 5.92(b)(2)(A).) The court correctly cited due process concerns, explaining that wife did not have the opportunity to consider this new evidence when filing her opposition. Considered in light of the downward reduction in income from the first to the second declaration, the trial court reasonably concluded husband had not shown good cause for the late filing of the second declaration. Husband argues that the trial court should have ordered a continuance, but he did not ask for one.

We conclude the court acted within its discretion.

### 4. *Consideration of the Factors Set Forth in Section 4320*

Husband next argues the trial court abused its discretion by failing to consider each of the factors set out in section 4320 when it denied his request on the ground that his son aging out of child support was insufficient by itself to warrant a reduction in spousal support.

Although by statute the trial court must consider section 4320 factors in deciding whether to modify a spousal support order, the statute does not purport to require the court to address each factor expressly. The trial court's responsibility in applying section 4320 was described this way in *In re Marriage of Cheriton, supra,*

10

92 Cal.App.4th at page 304: " 'In making its spousal support order, the trial court possesses broad discretion so as to fairly exercise the weighing process contemplated by section 4320, with the goal of accomplishing substantial justice for the parties in the case before it.' (*In re Marriage of Kerr, supra,* 77 Cal.App.4th at p. 93.) In balancing the applicable statutory factors, the trial court has discretion to determine the appropriate weight to accord to each. (*In re Marriage of Baker* (1992) 3 Cal.App.4th 491, 498 [4 Cal.Rptr.2d 553].) But the 'court may not be arbitrary; it must exercise its discretion along legal lines, taking into consideration the applicable circumstances of the parties set forth in [the statute], especially reasonable needs and their financial abilities.' (*In re Marriage of Prietsch & Calhoun* (1987) 190 Cal.App.3d 645, 655 [235 Cal.Rptr. 587].) Furthermore, the court does not have discretion to ignore any relevant circumstance enumerated in the statute. To the contrary, the trial judge must both recognize and *apply* each applicable statutory factor in setting spousal support. (*In re Marriage of Watt*[ (1989)] 214 Cal.App.3d [340,] 347; *In re Marriage of Fransen* (1983) 142 Cal.App.3d 419, 425 [190 Cal.Rptr. 885].) Failure to do so is reversible error. (*In re Marriage of Smith* (1990) 225 Cal.App.3d 469, 479 [274 Cal.Rptr. 911]; *In re Marriage of Ostler & Smith*[ (1990)] 223 Cal.App.3d [33,] 47.)" Notably, *Cheriton* does not state that the trial court must expressly identify each factor and set forth in writing or on the record how it has weighed each of them. Husband has not cited any appellate authority for this proposition. We are aware of no such authority.

In contrast, the Legislature has required explicit findings in other statutory contexts by using language not found in section 4320. For example, Welfare and Institutions Code section 361.2, subdivision (c), dealing with the removal of a child from a parent in dependency

proceedings, provides "The court shall make a finding, either in writing or on the record, of the basis for its determination under subdivisions (a) and (b)." Similarly, the Supreme Court held an express finding of detriment was required when it interpreted language in Civil Code former section 4600 that provided the trial court " 'must make a finding that an award of custody to a parent would be detrimental to the child.' "[9] (*In re B. G.* (1974) 11 Cal.3d 679, 683, 695, italics omitted.) In *In re Marriage of Morton* (2018) 27 Cal.App.5th 1025, 1050, the court found the phrase "the court shall make findings" in Family Code section 2030, subdivision (a)(2) "requires the court to make express findings—that is, findings stated in words, either in writing or orally on the record."

Section 4320 does not have language of this type. The statute does not require express findings, only that the court "consider all of the following circumstances . . . ."

Here, husband acknowledges the court agreed that the son's aging out constituted a material change of circumstances triggering section 4320. But husband ignores the court's finding that the aging out was the only arguable basis for a modification. Husband had not shown a change of circumstances based on either (1) a reduction in income or (2) wife's alleged failure to make good faith efforts to become self-sufficient, both of which are factors listed in, respectively, section 4320, subdivisions (c) and (*l*). The court concluded husband's gain of $671 a month due to the decrease in child support from the aging out of his middle child was not a reason to modify "downward his spousal support" under section 4320. Husband fails to identify which

---

[9]    The Family Law Act, including Civil Code former section 4600, was reorganized into the Family Code, effective on January 1, 1994. (See Stats. 1992, ch. 162, § 13.)

12

additional section 4320 factors he believes were relevant to, but omitted from, the court's analysis.

Given that the court specifically found a material change of circumstance triggered section 4320 and expressly considered the three applicable factors raised by husband, we find the trial court did not abuse its discretion when it did not articulate its consideration of any other factors in its statement of decision.

Our conclusion that the trial court was not required to make express findings on each section 4320 factor prompts us to make one final observation:  Trial courts may consider it better practice to make findings as to each section 4320 factor in writing or on the record. Express findings likely will provide a more complete record on appeal and advise the parties that the statute has been followed.[10]  The failure to make express findings may also become relevant when a judgment "provides no insight into how the court weighed the statutory factors," raising the question "whether the court in fact weighed or even gave due consideration to the statutory factors."  (*In re Marriage of Geraci* (2006) 144 Cal.App.4th 1278, 1297.)  In that limited situation an appellate court may decline to accord the usual deference to the court's exercise of discretion and remand for the court to reconsider the issue.  (*Ibid*; see also *In re Shimkus* (2016) 244 Cal.App.4th 1262, 1278.)  That did not happen here.

### 5.    *Husband's Request to Cross-Examine Wife*

Husband argues the trial court abused its discretion in denying his request to cross-examine wife.  The context was as follows:  In her responsive declaration, wife had sought attorney fees under section 271.  At the hearing, wife's counsel raised the point and argued that

---

[10]    We observe that following husband's 2017 request for modification, the trial court (by a different judge) made express findings on each section 4320 factor.

13

husband's repetitive filings had caused wife to incur unnecessary fees. Counsel asserted husband would continue to file meritless motions unless he was ordered to pay the accompanying attorney fees. The trial court indicated wife's fee request had merit, pointing to a prior hearing "that was rehashing the issues in 2017" as an example of husband's litigious conduct.

Husband offered a largely incomprehensible explanation for his prior request for sanctions. He said that his daughter had accused him of giving wife breast cancer and threatened never to speak to him again if he sought attorney fees. When the court indicated it could not consider those issues, husband asked for a full hearing with live testimony from wife. The court denied the request finding that the issues "raised by the Petitioner [husband] were not relevant to the issues before the Court."

Husband argues on appeal the court was obligated under section 217 to allow him to cross-examine wife. Section 217 directs the trial court to "receive any live, competent testimony that is relevant and within the scope of the hearing" unless it finds "good cause to refuse to receive live testimony and shall state its reasons for the finding on the record or in writing." (§ 217, subd. (a).) "Good cause" under the statute is explicated in the CRC: "In addition to the rules of evidence, a court must consider the following factors in making a finding of good cause to refuse to receive live testimony under Family Code section 217: [¶] (1) Whether a substantive matter is at issue—such as . . . spousal support . . . ; [¶] (2) Whether material facts are in controversy; [¶] (3) Whether live testimony is necessary for the court to assess the credibility of the parties or other witnesses; [¶] (4) The right of the parties to question anyone submitting reports or other information to the court; [¶] . . . and [¶] (6) Any other factor that is just and equitable." (CRC, rule 5.113(b) (Rule 5.113).)

14

Consideration of the factors identified in Rule 5.113 supports the court's finding of good cause to deny live testimony. First, husband sought to cross-examine wife on the issue of sanctions and their daughter's accusation and threat. These were not "substantive matter[s]" under Rule 5.113. Although the hearing involved husband's request for modification of spousal support, which is a "substantive matter" under the rule, the live testimony was to relate only to sanctions.

Second, there were no material facts in controversy. Husband did not dispute he caused wife to incur attorney fees on this request based on a current Income and Expense declaration that showed his income had increased, that the court had rejected husband's earlier motion for sanctions and fees, or that husband had previously threatened several times to bring wife to court on matters of spousal support.

The remaining factors identified in Rule 5.113 are equally unavailing to husband. He argues that cross-examination would have aided the court in judging wife's credibility. The trial court reasonably could have found this was an insufficient reason as there were no material facts in controversy regarding sanctions. Finally, husband does not identify what other "just and equitable" factors under Rule 5.113(b)(6) weighed in his favor.

We conclude that the trial court complied with its statutory obligation to not permit live testimony upon a showing of good cause and that the proffered evidence was not "relevant and within the scope of the hearing." (§ 217.)

Finally, husband has not demonstrated on appeal that he suffered any prejudice from the trial court's refusal to allow him to cross-examine wife. He does not identify any testimony he would have elicited that would have had a bearing on the court's decision.

15

### 6.    *Sanctions*

Husband argues the sanctions order must be reversed because wife did not give adequate notice and husband did not have a sufficient opportunity to respond.  Husband claims both his due process and statutory rights were violated.  Section 271, subdivision (b) provides that an award of attorney fees as sanctions shall be imposed only after notice and opportunity to be heard.  This does not mean that wife was required, as husband suggests, to file a formal noticed motion seeking sanctions.  Wife asked for sanctions under section 271 in her opposition to husband's moving papers.  Husband, thus, had an opportunity to address sanctions in his reply and at the hearing.  He failed to do so in his reply but as we have explained, husband did argue the point at the hearing.  We find no due process or statutory violation.

## DISPOSITION

The judgment is affirmed.  Wife to recover costs on appeal.


RUBIN, P. J.

WE CONCUR:



BAKER, J.



KIM, J.



16