Filed 10/23/25  Siri v. Cooper CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| DEREK SIRI,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>DUANE COOPER,<br><br>    Defendant and Respondent. | B338137<br><br>(Los Angeles County<br>Super. Ct. No. 19PSCV00178) |

APPEAL from a judgment and orders of the Superior Court of Los Angeles County.  Peter Hernandez, Judge.  Affirmed with directions.

Timothy J. Donahue for Plaintiff and Appellant.

Seki, Nishimura & Watase and Andrew C. Pongracz for Defendant and Respondent.

\* \* \* \* \* \* \* \* \* \*

A jury found that defendant and respondent Duane Cooper assaulted plaintiff and appellant Derek Siri and awarded plaintiff damages of $345,666.67, which included $300,000 in punitive damages. The trial court granted, on its own motion, a partial judgment notwithstanding the verdict, finding in favor of defendant on the issues of punitive damages and medical expenses. The court also struck, on its own motion, an item of costs from plaintiff's cost bill. Plaintiff appeals, contending the trial court's orders and modification of the judgment were without legal authority and void.

We affirm with directions to the superior court on remand to enter an amended judgment that includes the recoverable costs awarded to plaintiff.

## FACTUAL AND PROCEDURAL BACKGROUND

We were not provided a record from the jury trial and therefore rely on the parties' briefing regarding the facts to provide some context for our ruling. Put succinctly, plaintiff apparently walked in on defendant having sexual relations with plaintiff's wife. Upon being caught in "the act," defendant charged at plaintiff, knocked him to the ground and fled. Plaintiff filed this action against defendant for assault, battery and related torts, seeking damages for pain and suffering, medical expenses, and punitive damages.

In July 2023, the case proceeded to a jury trial. The trial proceedings were not reported by a court reporter, nor recorded by an electronic monitoring device. According to the court's minute orders during trial, plaintiff and defendant were the only witnesses to testify. At the conclusion of testimony, defendant made an oral motion for directed verdict. The minute order does not reflect any ruling on defendant's motion.

2

The jury found in favor of plaintiff and awarded compensatory damages of $45,666.67, consisting of $5,666.67 in past medical expenses, $20,000 for past pain and suffering, and $20,000 for future pain and suffering. The jury also awarded $300,000 in punitive damages. The court entered a judgment in plaintiff's favor on August 10, 2023. A line item for costs was left blank, to be determined at a later date after the filing of a memorandum of costs.

Plaintiff filed and served notice of entry of judgment on August 17, 2023. The register of actions indicates defendant filed a notice of intent to move for a new trial on September 1, 2023, and a motion for judgment notwithstanding the verdict on September 5, 2023.

On October 13, 2023, the court issued a nonappearance minute order, denying defendant's motion for judgment notwithstanding the verdict as untimely. The court said defendant's motion was filed on September 5, 2023, more than 15 days after service by plaintiff of notice of entry of judgment. (Code Civ. Proc., § 629, subd. (a).) The court went on to explain that it was noticing a hearing for October 31, 2023, to consider a sua sponte motion for judgment notwithstanding the verdict, to be heard concurrently with defendant's motion for new trial.

On October 31, 2023, after briefing and argument from the parties, the court denied defendant's motion for new trial. On the court's sua sponte motion, the court "partially GRANT[ED] its own Motion for Judgment Notwithstanding the Verdict." The court's order stated that its "findings are reflected in the Court's Memorandum, which is filed and incorporated into the court file." Defendant was ordered to submit an amended judgment within 10 days. The minute order reflects the hearing was transcribed

3

by a court reporter but a copy of the transcript was not included in the record filed with this court.

The trial court's memorandum supporting its partial grant of judgment notwithstanding the verdict was filed on November 6, 2023. The memorandum summarized the procedural history of the case and the jury trial, and elaborated on the court's findings for granting a partial judgment notwithstanding the verdict. The court pointed out that "Neither party sought nor was willing to present to the court stipulated facts that governed the trial testimony. As shown below, the evidence was scarce, unreliable and, as to certain issues, non-existent." The court concluded the evidentiary record did not support an award of punitive damages or medical expenses in any amount and found in favor of defendant on those issues. The court left intact the balance of the jury's verdict in favor of plaintiff in the amount of $40,000.

Defendant submitted a modified judgment in plaintiff's favor in the amount of $40,000 that was entered by the court on November 13, 2023. The modified judgment does not include any mention of recoverable costs. There is nothing in the record showing that notice of entry of the modified judgment was given.

The register of actions indicates that later that same day, plaintiff filed a motion to reconsider or set aside the court's order granting the partial judgment notwithstanding the verdict. Plaintiff's motion argued the order was void because it was issued after the court lost jurisdiction to make such a ruling, and because it was an improper means of "reducing" a damage award.

On November 30, 2023, plaintiff filed a memorandum of costs seeking total costs of $24,850.67. One of the cost items

4

sought by plaintiff, under item 16 titled "Other," was "County costs $12,031.62."

On March 5, 2024, the court denied plaintiff's motion for reconsideration, explaining it had no jurisdiction to reconsider its ruling because plaintiff's motion was filed after the modified judgment had already been entered. The court also said plaintiff had failed to show any substantive basis for reconsideration and denied it on that basis as well.

On March 11, 2024, the court issued an order acknowledging receipt of plaintiff's proposed modified judgment which included his requested costs of $24,850.67. The court said it would amend the judgment to include recoverable costs, but that it was striking the $12,031.62 requested by plaintiff to cover the amount plaintiff had been previously ordered to pay to the county following its successful summary judgment motion. The court gave plaintiff an opportunity to brief the legal basis for recovering that item of costs. Plaintiff filed a brief arguing entitlement to the costs, without identifying any statutory basis for such costs. The register of actions does not indicate that a modified judgment, amended to include plaintiff's recoverable costs, was filed.

This appeal followed.

## DISCUSSION

### 1. The appeal was timely

Defendant says plaintiff's appeal is untimely because the notice of appeal was filed more than 60 days after service of the court's order on the motion for judgment notwithstanding the verdict. The contention is without merit.

The trial court's order of October 31, 2023 granting, on its own motion, a partial judgment notwithstanding the verdict was

5

not an appealable order. The order was reviewable, however, from a timely appeal of the modified judgment entered pursuant to that order. (7 Witkin, Cal. Procedure (6th ed. 2025) Trial, § 433.) The modified judgment was filed by defendant and entered in the court's register of actions on November 13, 2023.

Nothing in the record indicates that notice of entry of that modified judgment was served by a party or by the clerk. The judgment shows it was served by mail on November 6, 2023 as a "proposed" judgment, but the record does not contain any indication the signed and file-stamped judgment of November 13, 2023 was served. (*Palmer v. GTE California, Inc.* (2003) 30 Cal.4th 1265, 1267–1268 [service of file-stamped judgment starts statutory time periods for postjudgment filings].) When neither the clerk nor a party serves notice of entry of judgment, an appellant has 180 days from *entry of judgment* to file a notice of appeal. (*Kimball Avenue v. Franco* (2008) 162 Cal.App.4th 1224, 1228; Cal. Rules of Court, rule 8.104(a)(1).)

Plaintiff's notice of appeal, filed April 24, 2024, gave notice the appeal was from the court's entry of judgment on November 13, 2023, and the postjudgment orders issued on March 5 and 11, 2024. Plaintiff's notice was filed 163 days after entry of the November 13, 2023 judgment and was therefore timely.

The postjudgment cost order of March 11, 2024, was separately appealable. (*Kajima Engineering and Construction, Inc. v. Pacific Bell* (2002) 103 Cal.App.4th 1397, 1402.) Plaintiff's notice of appeal as to that order, filed less than 60 days later, was timely. To the extent plaintiff's appeal of the March 5, 2024 order denying the motion for reconsideration was appealable, the notice was also filed within 60 days of the entry of that order.

6

2. **The trial court's sua sponte order granting partial judgment notwithstanding the verdict**

Plaintiff contends the trial court's order is void due to various procedural irregularities. We disagree.

The trial court had the authority to sua sponte grant a motion for judgment notwithstanding the verdict under Code of Civil Procedure section 629, subdivision (a). "[A] trial court *on its own motion*, with five days' notice to the parties, can grant j.n.o.v. so long as it acts before expiration of its power to rule on a motion for a new trial, 60 days, and after expiration of the time within which a motion for a new trial must be served and filed—15 days. Otherwise, no express time limit within which the court must make its motion for j.n.o.v. has been imposed by the Legislature." (*Sturgeon v. Leavitt* (1979) 94 Cal.App.3d 957, 964, italics added.)

The court complied with these statutory requirements before holding a hearing on October 31, 2023 and issuing its order.

The court also had the authority to grant a *partial* judgment notwithstanding the verdict. "Since a trial court has the authority to grant a motion for judgment notwithstanding the verdict 'whenever a motion for a directed verdict for the aggrieved party should have been granted' and a directed verdict may be granted 'as to some, but not all, of the issues involved in the action,' it follows, as surely as the greater includes the lesser, that a trial court may grant judgment notwithstanding the verdict as to some but not all issues." (*Beavers v. Allstate Ins. Co.* (1990) 225 Cal.App.3d 310, 323 [affirming grant of partial judgment notwithstanding the verdict on issue of punitive damages and two of the plaintiff's causes of action].)

The trial court's written order states it found no evidentiary basis for an award of punitive damages. Despite plaintiff's assertion to the contrary, this was not a situation where the court sought only to reduce the amount of punitive damages to a reasonable amount. Had the court found the award of punitive damages merely excessive as opposed to improper as a matter of law, the trial court would have been required to follow the procedures for remittitur set forth in Code of Civil Procedure, section 662.5. (*Teitel v. First L.A. Bank* (1991) 231 Cal.App.3d 1593, 1604–1605; accord, *Ena North Beach, Inc. v. 524 Union Street* (2019) 43 Cal.App.5th 195, 213.) The court here plainly did not find the amount of punitive damages awarded excessive. It concluded there was no legal basis for an award of punitive damages in any amount. The court was well within its authority to grant a partial judgment notwithstanding the verdict on that discrete issue.

Plaintiff also contends the court's order is void because the court did not file its written order explaining the reasons for its ruling until November 6, 2023, and the last day to issue such an order was October 31, 2023. We are not persuaded.

Code of Civil Procedure section 629 states that "[t]he power of the court to rule on a motion for judgment notwithstanding the verdict shall not extend beyond the last date upon which it has the power to rule on a motion for a new trial. If a motion for judgment notwithstanding the verdict is not determined before that date, the effect shall be a denial of that motion without further order of the court." (*Id.*, subd. (b).)

The last day the trial court could rule on a motion for new trial was 75 days from the date plaintiff served notice of entry of the original judgment. (Code Civ. Proc., § 660, subd. (c).)

8

The 75th day was October 31, 2023. The trial court timely issued its order on October 31, 2023, and entered it in the permanent minutes. That the court followed up that timely minute order with a longer written order elaborating on the reasons for its decision does not render the order of October 31, 2023 void.

Plaintiff disagrees, arguing that the filing of motions for judgment notwithstanding the verdict must be done in accordance with the filing periods specified in Code of Civil Procedure section 659. This is true. Section 629, subdivision (b), specifically cross-references section 659 and states that a "motion for judgment notwithstanding the verdict shall be made within the period specified by Section 659 for the filing and service of a notice of intention to move for a new trial." (§ 629, subd. (b).) Section 629 also cross-references section 659a and section 660, incorporating the time periods for filing briefs and setting a hearing on a motion for new trial.

But, plaintiff then relies on language from Code of Civil Procedure section 657—a statute that is *not* cross-referenced in section 629. Section 657 pertains solely to motions for new trial, enumerating the "grounds" for new trial motions and specifying rules for orders granting a new trial. Section 657 provides that an order granting a new trial "must state the ground or grounds relied upon by the court, and may contain the specification of reasons. If an order granting such motion does not contain such specification of reasons, the court must, within 10 days after filing such order, prepare, sign and file such specification of reasons in writing with the clerk." (*Ibid*.) Plaintiff cites no case that imposes this requirement for new trial orders on orders granting a motion for judgment notwithstanding the verdict. We are not persuaded there is any sound reason to do so.

9

Moreover, to the extent plaintiff asks us to assess the propriety of the court's finding that the trial evidence did not support the award of any punitive damages, we cannot do so. The parties chose not to have the trial proceedings transcribed or reported in any manner. Plaintiff also chose not to present this court with a summary of the trial court proceedings in accordance with rule 8.836 or rule 8.837 of the California Rules of Court. Plaintiff, as the appellant, had a duty to present an adequate record that allowed for meaningful review. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574–575 (*Ballard*); accord, *Hotels Nevada, LLC v. L.A. Pacific Center, Inc*. (2012) 203 Cal.App.4th 336, 348 [appellant's failure to provide adequate record " 'requires that the issue be resolved against appellant' "].)

As our Supreme Court has explained, " '[a] judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' " (*Denham v. Superior Court of Los Angeles County* (1970) 2 Cal.3d 557, 564 (*Denham*).) Without a record, we presume the trial court's order was correct and plaintiff has failed to affirmatively show error.

The trial court also granted judgment notwithstanding the verdict on the issue of past medical expenses, which is just one item of compensatory damages awarded by the jury. Whether this is appropriately an "issue" on which partial judgment may be granted under Code of Civil Procedure section 629, plaintiff failed to argue or develop this issue at all. We are not obliged to

develop this argument for plaintiff. (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 153.)

### 3. The postjudgment order of March 5, 2024

On March 5, 2024, the trial court denied plaintiff's motion for reconsideration of its order granting partial judgment notwithstanding the verdict. The trial court correctly ruled it had no jurisdiction to reconsider its order because the modified judgment had already been entered. The register of actions established the modified judgment was entered on November 13, 2023, and that plaintiff's motion for reconsideration was filed thereafter. The trial court no longer had jurisdiction to entertain plaintiff's motion for reconsideration. (*Marshall v. Webster* (2020) 54 Cal.App.5th 275, 281 ["It is settled law that a motion for reconsideration is ineffectual if it is filed after entry of judgment"]; accord, *Ballona Wetlands Land Trust v. City of Los Angeles* (2011) 201 Cal.App.4th 455, 479.)

However, the trial court had the authority to treat plaintiff's motion as a motion for new trial or other appropriate postjudgment motion and consider it on the merits. "The proposition that a trial court may construe a motion bearing one label as a different type of motion is one that has existed for many decades. . . . [S]everal courts have tacitly approved the treatment of a motion for reconsideration as a motion for a new trial, and vice versa. [Citations.] The principle that a trial court may consider a motion regardless of the label placed on it by a party is consistent with the court's inherent authority to manage and control its docket. (Code Civ. Proc., §§ 128, subd. (a), 187.)" (*Sole Energy Co. v. Petrominerals Corp.* (2005) 128 Cal.App.4th 187, 193.)

11

The trial court's order purports to deny plaintiff's motion on the merits as an alternative to its finding that it lacked jurisdiction to reconsider its prejudgment order. As we already explained above, to the extent plaintiff asks us to reverse the court's order on the merits, we are unable to do so because plaintiff failed to present a record of the trial proceedings. It was plaintiff's burden to do so. In the absence of a meaningful record from which error is affirmatively shown, we presume the correctness of the trial court's order. (*Ballard*, *supra*, 41 Cal.3d at pp. 574–575; *Denham*, *supra*, 2 Cal.3d at p. 564.)

**4.      The postjudgment order of March 11, 2024**

Plaintiff contends the trial court had no authority to strike an item of costs from the cost memorandum because defendant did not file a motion to tax costs or otherwise object to the cost memorandum. Plaintiff says that once the time to file a motion to tax costs had elapsed, the clerk was required by rule 3.1700 of the California Rules of Court to enter his requested costs in their entirety. (*Id.*, rule 3.1700(b)(4) ["After the time has passed for a motion to strike or tax costs or for determination of that motion, the clerk must immediately enter the costs on the judgment"].)

We do not agree. Recoverable costs by a prevailing party in a civil action are *only* those expressly "authorized by statute." (*Parker v. City of Los Angeles* (1974) 44 Cal.App.3d 556, 566; accord, *Ladas v. California State Auto. Assn.* (1993) 19 Cal.App.4th 761, 774; see also Code Civ. Proc., § 1033.5.)

Plaintiff sought to recover from defendant the $12,031.62 plaintiff was previously ordered to pay to the County of Los Angeles when the county, earlier in the action, prevailed on summary judgment. Plaintiff did not cite to any statutory

12

provision or other express legal authority that allows a prevailing party to recover such costs.

Items of costs not expressly authorized by statute "may be allowed or denied in the court's discretion." (Code Civ. Proc., § 1033.5, subd. (c)(4).) Plaintiff has not shown the trial court abused its discretion in sua sponte striking $12,031.62 from his requested costs.

However, the modified judgment entered on November 13, 2023, does not contain any reference to plaintiff's recoverable costs, with or without the amount stricken by the court. The register of actions does not indicate that any amended judgment with a cost award was filed after the motion hearings in March 2024. Defendant does not contest that plaintiff is indeed entitled to costs as the prevailing party, minus the amount at item 16 stricken by the court. On remand, the trial court is directed to amend the judgment to reflect the correct amount of total costs awarded to plaintiff.

## DISPOSITION

The judgment entered November 13, 2023 in favor of Derek Siri in the amount of $40,000 is affirmed.  On remand, the superior court is directed to enter an amended judgment that includes the correct total of recoverable costs awarded to plaintiff ($12,819.05).

The parties shall bear the own respective costs of appeal.


VIRAMONTES, J.


WE CONCUR:


WILEY, Acting P. J.


RUBIN, J. *

---

\*      Retired Presiding Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.