Filed 1/10/14  Bartels v. Bartels CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| LYNNE M. BARTELS,<br><br>        Petitioner and Respondent,<br><br>v.<br><br>SCOTT A. BARTELS,<br><br>        Respondent and Appellant. | A138927<br><br>(San Mateo County<br>Super. Ct. No. FAM0110888) |

Respondent Lynne Bartels (Wife) moves to dismiss the appeal in this marital dissolution case as untimely.  She correctly asserts that appellant Scott Bartels (Husband) filed his notice of appeal after the statutory deadline had passed.  We therefore lack jurisdiction over the appeal, so we must dismiss it.

**BACKGROUND AND DISCUSSION**

On January 16, 2013, following a two-day trial, Wife prepared and submitted a judgment in compliance with the trial court's findings and order of dissolution.  The clerk's office subsequently notified her that her "judgment package" had been lost, and instructed her to resubmit it.  The clerk's office filed the resubmitted judgment on March 18, 2013 and served notice of its entry on the parties that same day.

What happened next is not entirely clear, but at some point the original judgment submission resurfaced and, apparently by mistake, was filed by the clerk on April 19.  Save for one minor exception, the two judgments are identical.  The cover page of the

1

April 19 judgment indicates both "dissolution" and "status only," while only the "dissolution" box was checked on the judgment filed March 18; it appears that a checkmark in the "status only" box had been whited out. This discrepancy is immaterial, as the judgment indisputably resolved property and support issues as well as marital status. Notice of entry of the judgment filed April 19 was served the same day.

Husband filed his notice of appeal on June 11, 2013, purportedly from the judgment filed April 19. Wife moved to dismiss on the ground that Husband's notice of appeal was filed more than 60 days after the March 18 service of notice of entry of judgment. Husband acknowledges that he was properly served with notice of the March 18 judgment, but he asserts that he (or, rather, his attorney) believed that the second entry of judgment superseded the first, and therefore that it restarted the jurisdictional time to appeal. He urges us to give him the benefit of the 180-day outside limit on the time to appeal (Cal. Rules of Court, rule 8.104(a)(1)(C)) because his mistake was thus "brought about by clerical irregularities." But the law is clear that we have no authority to do so.

"Rule 45, subdivision (e), of the California Rules of Court [current rule 8.60(d)], provides that '[t]he reviewing court for good cause may relieve a party from a default occasioned by any failure to comply with these rules, *except the failure to give timely notice of appeal*.' (Italics added.) The reason for this proviso was clearly stated by us in *Estate of Hanley* (1943) 23 Cal.2d 120 . . . , in language which has since been reiterated by us on many occasions. 'In strictly adhering to the statutory time for filing a notice of appeal, the courts are not arbitrarily penalizing procedural missteps. Relief may be given for excusable delay in complying with many provisions in the statutes and rules on appeal, such as those governing the time within which the record and briefs must be prepared and filed. These procedural time provisions, however, become effective *after* the appeal is taken. The first step, taking of the appeal, is not a procedural one; *it vests jurisdiction in the appellate court and terminates the jurisdiction of the lower court*.' [Citation.] The consequences of this fundamental distinction were explained at an earlier point in the opinion. 'In the absence of statutory authorization, neither the trial nor appellate courts may extend or shorten the time for appeal [citation], even to relieve

2

against mistake, inadvertence, accident, or misfortune [citations]. Nor can jurisdiction be conferred upon the appellate court by the consent or stipulation of the parties, estoppel, or waiver. [Citations.] If it appears that the appeal was not taken within the 60-day period, the court has no discretion but must dismiss the appeal of its own motion even if no objection is made. [Citations.]' " (*Hollister Convalescent Hospital, Inc. v. Rico* (1975) 15 Cal.3d 660, 666-667.)

Here, it is undisputed, and there is no reason to question, that the March 18 service of notice of entry of judgment started the jurisdictional clock running. California Rules of Court, rule 8.104(a)(1) states an appeal is to be taken on or before the "earliest" of specified actions, including notice served by the clerk. We have found no law that supports Husband's view that any confusion occasioned by the later service of a duplicate judgment permits us to depart from the 60-day jurisdictional requirement. Indeed, *Hollister* cites with approval a holding that a clerk's misrepresentation that a petition mailed on the last day would be timely filed could not extend the jurisdictional time limit. (*Id.* at p. 670, citing *Gomes v. Superior Court* (1969) 272 Cal.App.2d 702, 704, fn. 4 [jurisdictional time limit for filing writ of mandate or prohibition]; see also *Kimball Avenue v. Franco* (2008) 162 Cal.App.4th 1224, 1230 [trial court had no jurisdiction to restart time for filing notice appeal by vacating and "re-entering" judgment after 180 days had run].)

*In re Marriage of Mosley* (2010) 190 Cal.App.4th 1096 (*Mosley*), on which Husband relies, is not to the contrary. There, an appealable order "disappear[ed] into the juridical equivalent of a sock drawer" after it was signed and file-stamped. (*Id.* at p. 1099.) Consequently, it was not physically placed in the court file, otherwise made a public record, nor served on the litigants until more than 180 days had passed. The appellant filed her notice of appeal more than 180 days after the order was file-stamped on April 1 ("fittingly enough," the court observed), but well within 60 days from the date it was finally entered in the court's electronic filing system. The court held her appeal was timely because the order was not "filed" for purposes of triggering the 180-day time

to appeal until it was made available to the public, some five months after it was signed and file-stamped on April 1.

Here, in contrast, it is undisputed that the judgment was filed and notice of its entry was properly served on March 18.  *Mosley* also emphasizes the importance of the appellant's repeated efforts to ascertain the status of the anticipated order, but no similar vigilance is evident here.  All we are told is that Husband's counsel assumed the duplicate judgment restarted the jurisdictional clock, and there is no record that counsel attempted to clarify its effect by contacting the clerk's office or researching the applicable law.  We are not unsympathetic to the fact that his mistake was due in some measure to the duplicate filing, but the confusion occasioned by that clerical error does not allow us to extend the jurisdictional time to appeal.  Since we have no jurisdiction over the appeal, we must dismiss it.

## DISPOSITION

The appeal is dismissed.

_____
Siggins, J.


We concur:


_____
Pollak, Acting P.J.


_____
Jenkins, J.

4