Filed 1/24/23  Aaronoff v. Olson CA2/2
# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| VIDALA AARONOFF,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>CURTIS OLSON,<br><br>    Defendant and Appellant.<br><br>[And five other cases.*] | B295388<br><br>(Los Angeles County<br>Super. Ct. Nos.<br>17SMRO00308<br>17SMRO00368) |

APPEALS from a judgment and orders of the Superior Court of Los Angeles County.  Hank M. Goldberg, Michael J. Convey, Emily T. Spear, Gregory J. Weingart, and Wendy L. Wilcox, Judges.  Affirmed (B295388, B298224, B298532), reversed (B305935), vacated (B314319), and dismissed (B309136).

Vidala Aaronoff, in pro. per.; Law Office of William T. Heywood, William T. Heywood; Law Office of Paul Kujawsky, Paul Kujawsky; The Appellate Law Firm, Gregg Aaron Myers; Keiter Appellate Law and Mitchell Keiter for Plaintiff and Appellant Vidala Aaronoff.

John Walkowiak, in pro. per.; Law Office of William T. Heywood, William T. Heywood; Law Office of Paul Kujawsky, Paul Kujawsky;

---

    *  *Aaronoff v. Olson* (No. B298224); *Olson v. Aaronoff* (No. B298532); *Aaronoff v. Olson* (No. B305935); *Aaronoff v. Olson* (No. B309136); *Aaronoff v. Olson* (No. B314319).

Law Office of G. Scott Sobel and G. Scott Sobel for Appellant John Walkowiak.

Buchalter, Eric Michael Kennedy and Robert Collings Little for Defendant and Appellant Curtis Olson.

_____

A long-running feud between Vidala Aaronoff (Aaronoff) and Curtis Olson (Olson) has generated multiple lawsuits between them, some of which have yet to be resolved. The appeals now before us began with the parties' dueling petitions for a civil harassment restraining order. The trial court denied and dismissed the petitions of both parties. Aaronoff appealed from the judgment of dismissal. Shortly thereafter, the parties then moved for attorney fees, which the court granted. Both parties appealed. While this appeal was pending, Olson repeatedly attempted to enforce the fees award against Aaronoff. She strenuously resisted. As a result, at Olson's request, the trial court twice amended the order awarding Olson attorney fees, initially to add and later to delete certain judgment debtors.

More litigation followed from the judgment of dismissal and the amended attorney fees orders, all of which gave rise to the rest of these appeals. Although we briefly describe the litigation underlying all the appeals, we conclude only the challenges to the judgment of dismissal and the original attorney fees orders are cognizable on appeal.

We affirm the judgment denying and dismissing Aaronoff's restraining order petition against Olson and affirm the original orders awarding attorney fees. However, the trial court did not have jurisdiction to amend the order awarding attorney fees to Olson once Aaronoff's appeal from the order had been filed. Because they therefore are void, we reverse the initial order amending Olson's attorney fee award and vacate the second order. But as no practical purpose would be served by remanding the matter to the trial court, the remaining challenge to the void order amending Olson's award of attorney fees is dismissed as moot.

2

## FACTUAL AND PROCEDURAL BACKGROUND

Aaronoff and Olson met in 2002 and worked together to acquire and preserve Chateau Colline, a historic apartment building. Olson became the building owner, converted the apartments into eight condominiums and resided part-time in one of the condominiums. Olson served as president of the Chateau Colline Homeowners Association from 2013 to 2016. Aaronoff resided in one of the condominiums.

### Appeal B295388

At some point, the relationship between Aaronoff and Olson soured. In 2015, Aaronoff petitioned for a civil harassment restraining order against Olson, which was resolved through mediation. In December 2016, Aaronoff in propria persona filed at least one civil lawsuit. The defendants included Olson, other Chateau Colline residents, the homeowners association, and the property management company (2016 civil suit). Months earlier, Aaronoff had filed an administrative complaint with the United States Department of Housing and Urban Development (HUD). The complaint named Olson and the Chateau Colline Homeowners Association as respondents and alleged discrimination based on sex and gender. HUD referred the complaint to the California Department of Fair Employment and Housing (DFEH) for investigation.

In September 2017, Aaronoff again petitioned for a civil harassment restraining order against Olson. He soon petitioned for a civil harassment restraining order against her. On November 19, 2018, the consolidated petitions were denied and dismissed by the trial court. Aaronoff moved for reconsideration of the judgment and for a new trial. Both motions were denied. Aaronoff's appeal followed.

### Appeals B298224 and B298532

Olson and Aaronoff each requested attorney fees for having successfully defended against the other's restraining order petition. Aaronoff also moved to strike or tax costs. On April 17, 2019, the trial court awarded attorney fees to both parties and partially granted

3

Aaronoff's motion to strike or tax costs.  Aaronoff and Olson each appealed from the order to pay attorney fees.

## Appeal B305935

Olson repeatedly attempted to enforce his award of attorney fees. Aaronoff refused to comply, claiming she was indigent and the condominium in which she resided did not belong to her but to the "ATW Trust."  Olson applied ex parte to amend his attorney fees order to add the ATW Trust, as Aaronoff's alter ego, and its current and former trustees, including Aaronoff.  His application was granted on November 6, 2019; the court ordered the amendment as requested. There was no appeal from this postjudgment order.

At a later hearing, John Walkowiak, an ATW Trustee, advised the trial court he was unable to comply with the court-ordered production of trust documents.  The court found there was no ATW Trust, or if there were, it had been fraudulently created.  Any property transfers into the trust were thus fraudulently made to avoid debt collection.  Aaronoff and Walkowiak each appealed.

## Appeal B309136

The trial court denied Aaronoff's motion, in which Walkowiak joined, to strike or tax costs in response to Olson's memorandum of postjudgment costs.  The court also denied Walkowiak's motion to vacate as "void" the amendment of Olson's attorney fees order adding the ATW Trust and its trustees as judgment debtors.  Appeals followed.

## Appeal B314319

Olson moved again to amend his order of attorney fees.  This time, he sought to delete the previously added ATW Trust and its trustees in order to lawfully enforce a writ of execution and foreclose on Aaronoff's condominium.  Aaronoff filed opposition.

The trial court granted Olson's motion to amend the fees order as requested and denied Aaronoff's motion for reconsideration.  Aaronoff appealed.

4

## DISCUSSION

### I. Aaronoff's July 23, 2021 Opening Brief Is Stricken as Deficient

Representing herself, Aaronoff's notice of appeal in B295388 challenged the trial court's (1) judgment of dismissal following its denial of her restraining order petition against Olson, (2) order denying her motion for reconsideration, and (3) order denying her motion for a new trial.[1]  Orders denying motions for reconsideration and a new trial are not separately appealable, but may be reviewed as part of an appeal from the underlying judgment or order.  (Code Civ. Proc.,[2] § 1008, subd. (g) [reconsideration]; § 906 [new trial].)  In her notice of appeal in B298224, Aaronoff challenged the trial court's award of attorney fees against her.  Both appeals are the subject of Aaronoff's opening brief.  However, our review of Aaronoff's contested trial court rulings is hampered by serious deficiencies in Aaronoff's opening brief, which she submitted in propria persona.[3]

---

[1] In the underlying proceedings, Aaronoff sometimes represented herself or instead had retained counsel.

[2] Undesignated statutory references are to the Code of Civil Procedure.

[3] At her request, Aaronoff's July 23, 2021 opening brief replaced her previously filed opening brief and covered appeals B295388, B298224, and B305935.  Aaronoff also filed in propria persona a "corrected" opening brief for appeal B309136, which, like her July 23, 2021 brief, is deficient.  Her appellate counsel filed an opening brief and a reply brief for appeal B314319 (which was amended on December 16, 2022), which we have reviewed.  In light of our disposition, we do not reach the issues raised in Aaronoff's corrected brief for appeal B309136 and in her appellate counsel's briefs for appeal B314319.  We deny Aaronoff's request for judicial notice filed with the reply brief in appeal B314319.  The material that is the subject of the request is not necessary to our decision.

Remarkably, 47 minutes before oral argument, Gregg Aaron Myers, counsel for Aaronoff, filed an "emergency motion" seeking leave to file an amended brief for appeal B295388 with a higher word count.  Myers claimed Aaronoff's former attorney Paul Kujawsky and an

5

California Rules of Court,[4] rule 8.204(a)(2)(A) requires the appellant's opening brief to identify the relief sought in the trial court and the judgment or order appealed from.  Rule 8.204(a)(2)(B) requires the appellant's opening brief to explain why the order appealed from is appealable.  Rule 8.204(a)(1)(C) requires references to the record when discussing facts.  This applies to all matters referred to in any portion of the brief, not just the statement of facts.  (*Conservatorship of Kevin A.* (2015) 240 Cal.App.4th 1241, 1253.)  Rule 8.204(a)(2)(C) requires the appellant's opening brief to provide a summary of the significant facts limited to matters in the record.  Aaronoff's opening brief fails to comply with these rules.  It contains few and incomplete citations to the record, most of which appear to reflect Aaronoff's own filings.  The problem is compounded by the massive size of the record designated on appeal.  Further, the 40-page statement of facts in the opening brief recites events that preceded and/or are extraneous to the litigation in this matter.  It is also evident Aaronoff fails to comprehend that the trial court was required to make its ruling based solely on information relating to *this* case, not on issues in other cases in which the parties may be currently or previously involved.

We also note the statement of facts primarily consists of argument, rather than a summary of the facts, and embellishes in Aaronoff's favor evidence produced during the proceedings.  The statement includes commentary on perceived reactions of the court, counsel, and witnesses to hearing testimony.  The statement also contains information supposedly pertinent here that is outside the record.

---

unnamed clerk of this court purportedly misinformed Aaronoff as to the correct number of words permitted in an appellant's opening brief under California Rules of Court, rule 8.204(c).  It appears the information provided by both Attorney Kujawsky and the clerk of the court was correct.  The motion is denied.

[4] Rule references are to the California Rules of Court.

Most troubling is the inclusion of a "corrected" excerpt of Olson's testimony, labeled, "Accurate True Testimony, November 16, 2018." There is no explanation as to the source of this excerpt, which is not part of the record, nor why it should supplant the excerpt of the official reporter's transcript, which is characterized in the statement of facts as the "Altered Counterfeit Transcript, November 16, 2018."

To be sure, a self-represented party's understanding of the rules on appeal is generally more limited than an experienced appellate attorney's. Whenever possible, we will not rigidly apply technical rules of procedure in a manner that deprives a party of a hearing. Nonetheless, we are obligated to apply the Rules of Court and substantive rules of appellate review to a self-represented party's claims on appeal, just as we would to those parties who are represented by trained legal counsel. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985; *Stebley v. Litton Loan Servicing, LLP* (2011) 202 Cal.App.4th 522, 524.) We are compelled by these deficiencies to strike Aaronoff's July 23, 2021 opening brief.

Even if we were to overlook the rule violations and accept the statement of facts as presented in Aaronoff's opening brief, there are other insurmountable problems: For the first time on appeal, Aaronoff argues she was a victim of "a fraud on the court," presumably extrinsic fraud. (See *Kimball Avenue v. Franco* (2008) 162 Cal.App.4th 1224, 1229.) Aaronoff maintains a bench officer, a court reporter, Olson's trial counsel, and Olson either provided or were influenced to provide fraudulent documents or to commit fraudulent acts. Aaronoff did not ask the trial court to grant a new trial because of extrinsic fraud. Rather, her grounds at the time were newly discovered evidence, abuse of discretion and misapplication of law by the trial court, and reliance on the wrong standard of proof by her trial counsel, all of which the court rejected. Aaronoff has thus forfeited her fraud-on-the-court argument. "[O]nly those issues tendered in the trial court may be raised on appeal." (*County of Sacramento v. Llanes* (2008) 168 Cal.App.4th 1165, 1173.) That is because " '[a] party is not permitted to change his position and adopt a new and different theory on appeal. To

7

permit him to do so would not only be unfair to the trial court, but manifestly unjust to the opposing litigant.' " (*Cable Connection, Inc. v. DIRECTV, Inc.* (2008) 44 Cal.4th 1334, 1350, fn. 12.)

Another problem is that Aaronoff is claiming certain documents or statements Olson submitted in seeking attorney fees were false or fraudulent. Resolving questions of credibility is not within our purview. (*People v. Maury* (2003) 30 Cal.4th 342, 403.)

Finally, Aaronoff maintains her then trial counsel rendered ineffective assistance at the restraining order hearing. While Aaronoff strongly complained about the attorney's performance in seeking a new trial, she cannot prevail on any claim of ineffective assistance of counsel. An ineffective assistance of counsel claim is not available in an ordinary civil proceeding because there is no constitutional right to counsel. (See *Chevalier v. Dubin* (1980) 104 Cal.App.3d 975, 978–979 ["It should be noted that the right to counsel constitutional provisions refer specifically to criminal prosecutions, and hence do not apply to civil proceedings"].)

Although we are striking Aaronoff's opening brief, as discussed below, we have considered the claims made in her reply brief. When the reply brief was filed, Aaronoff was not self-represented and her appellate counsel drafted a reply brief that complied with the rules.

## II. Hearing On Restraining Order Petitions

### A. Summary of the hearing evidence

At the conclusion of the four-day hearing on their restraining order petitions, the trial court determined that Aaronoff had failed to demonstrate clear and convincing evidence of harassment within the meaning of section 527.6 and entered a judgment of dismissal.[5]

---

[5] Section 527.6 allows "[a] person who has suffered harassment" to seek "an order after hearing prohibiting harassment." (§ 527.6, subd. (a)(1).) " 'Harassment' " includes "unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose. The course of conduct must be that which would cause a reasonable person to suffer

8

The reply brief submitted on Aaronoff's behalf does not attack the sufficiency of the evidence in support of the trial court's judgment. Therefore, we only briefly summarize the facts, construing them in the light most favorable to the judgment of dismissal. (*People v. Curl* (2009) 46 Cal.4th 339, 342, fn. 3 [failure "to attack the judgment as unsupported by substantial evidence amounts to a concession that it is supported by such evidence"].)

Aaronoff petitioned for a civil harassment restraining order in September 2017 because she feared Olson. According to Aaronoff and other witnesses, Olson was suspected of embarking on a campaign, both directly and through third parties, to force her out of Chateau Colline. As proof, witnesses for Aaronoff testified: Olson confronted Aaronoff angrily and inquired about "a renter"; Aaronoff said Olson looked at and photographed her through her condominium windows; Aaronoff's condominium was being photographed and surveilled by strangers when she was away; a bathroom window lock and a backdoor lock and screen on Aaronoff's condominium were damaged; Aaronoff was upset by the removal of her lockbox containing her keys; and several strangers, escorted by Chateau Colline's general contractor, were behaving "suspicious[ly]" outside Aaronoff's condominium.

On cross-examination, witnesses acknowledged they never saw Olson engage in the alleged harassing conduct, and they denied harassing Aaronoff at Olson's behest. Olson testified and denied committing, or having others commit, any acts of harassment against

---

substantial emotional distress, and must actually cause substantial emotional distress to the petitioner." (§ 527.6, subd. (b)(3).) " 'Course of conduct' " is defined as "a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose." (§ 527.6, subd. (b)(1).) "At the hearing, . . . [i]f the judge finds by clear and convincing evidence that unlawful harassment exists, an order shall issue prohibiting the harassment." (§ 527.6, subd. (i).) The determination that a restraining order should be granted rests in the sound discretion of the trial court. (*Biosense Webster, Inc. v. Superior Court* (2006) 135 Cal.App.4th 827, 834.)

9

Aaronoff. There was also testimony some of the recounted incidents were either tied in with the 2016 civil suit or served a legitimate purpose.

Aaronoff testified some documents pertaining to the 2016 civil suit were stolen from her condominium and Olson had security cameras installed at Chateau Colline. Olson told Aaronoff the camera facing her backdoor enabled him to "watch what [she] was doing." Aaronoff also testified unknown men wearing black clothing had surveilled and stalked her outside Chateau Colline. On cross-examination, Aaronoff testified the actions of these men were "the basis" of her civil harassment petition, although she knew of no connection between them and Olson.

In declining to grant Aaronoff's petition against Olson, the trial court concluded "there was sufficient clear and convincing evidence" that the alleged incidents were either not directed at Aaronoff and/or served a legitimate purpose related to the safety and security of Chateau Colline or could not be connected to Olson at all.[6] The court also noted that some incidents were currently being litigated in the 2016 civil suit.

### B. Contentions Concerning Attorney Lamdien T. Le
#### 1. Background facts

Attorney Lamdien T. Le[7] had been retained to represent Olson and other named defendants in Aaronoff's 2016 civil suit. At the time, Aaronoff was self-represented. Le spoke with her multiple times, including in March 2017, as part of settlement negotiations.

In February 2018, Aaronoff subpoenaed Le to appear as a witness at the restraining order hearing. Aaronoff wanted to examine Le concerning their March 8, 2017 phone conversation, which she had purportedly memorialized in a follow-up e-mail to Le. During that

---

[6] Neither party requested a statement of decision. However, in denying Aaronoff's petition, the trial court issued a detailed, well-reasoned oral decision.

[7] The record shows Attorney Le also gave his name as Dien Le.

conversation, Le suggested Aaronoff dismiss the 2016 civil case without prejudice and refile it, if necessary, following the DFEH investigation. According to her e-mail, Aaronoff declined, saying if she dismissed the suit, she feared Olson might hurt her or have someone run her over while she was walking her dog.  Le told her it was more likely that Olson would harm her if she failed to dismiss the suit.  Aaronoff wrote in her e-mail to Le that she had been traumatized by his threat.

Le moved to quash the subpoena on grounds of litigation privilege and attorney-client privilege.  Aaronoff opposed the motion, relying primarily on her e-mail.  The trial court concluded the subpoena sought irrelevant testimony and granted the motion to quash.

Later, at the hearing on the restraining order petitions, Aaronoff testified at length.  Just before the end of her redirect examination, Aaronoff volunteered that Le had said that if she did not dismiss the 2016 civil suit, Olson would hurt her and run her over with a car while she was walking her dog.  On reopened cross-examination, Aaronoff changed her testimony to coincide with her e-mailed version to Le.  On reopened redirect, Aaronoff testified she believed Olson hired Le to harass her.

With no defense objection, the trial court allowed Olson to call Attorney Le as a rebuttal witness.  Le testified and denied having threatened Aaronoff's life or saying that Olson would hurt or kill Aaronoff if she did not dismiss the 2016 civil suit.  Aaronoff's trial counsel did not cross-examine Le.

In denying Aaronoff's petition, the trial court referred to her testimony about Le's alleged statement.  The court stated it viewed Aaronoff's testimony with "distrust" and "skepticism."  Although the statement Aaronoff attributed to Le was the "most succinct, clear evidence of a threat" to her safety, Aaronoff failed to mention it in her petition or while testifying until late in the hearing.

### 2. Trial court did not commit reversible error in allowing Attorney Le to testify

In her reply brief, Aaronoff contends that allowing Le to testify as a rebuttal witness was reversible error because her counsel was

unprepared to cross-examine "a surprise" witness, who had been permitted to remain in the courtroom unlike the other testifying witnesses.

This claim is not properly before us. At the hearing, Aaronoff's counsel made no objection to Attorney Le testifying as a rebuttal witness for the reason she now raises on appeal—that Le should have been prohibited from testifying because the trial court had granted Olson's motion to quash Aaronoff's subpoena. (See Evid. Code, § 353, subd (a).) Even if we were to consider this claim on the merits, it fails for two reasons: First, Le was not a "surprise witness." In this civil proceeding, there was no obligation for the parties to disclose rebuttal witnesses. (See rule 3.1548(b)(2).) Second, even if Le should have been prohibited from testifying, the "improper admission of evidence is not reversible error absent a demonstration of actual prejudice amounting to a miscarriage of justice." (*Douglas v. Ostermeier* (1991) 1 Cal.App.4th 729, 739.) Aaronoff cannot show prejudice. Had his motion to quash not been granted, Le would have been called as a witness by Aaronoff. Le would then surely have denied, as he did at the hearing, that either he or Olson had threatened Aaronoff with harm. Accordingly, any error was harmless. (See *People v. Watson* (1956) 46 Cal.2d 818, 836*; Easterby v. Clark* (2009) 171 Cal.App.4th 772, 783 [*Watson* standard applies to evidentiary errors].)

## III.  Hearing on Motions for Attorney Fees

At the hearing on the motions for attorney fees, the trial court found Aaronoff and Olson were each the prevailing party in defending against the other's restraining order petition and awarded them attorney fees.

On appeal, the parties attack the attorney fees they were each ordered to pay. "We review the trial court's award of attorney fees for abuse of discretion, which we find only if no reasonable basis for the court's action is shown." (*Hoffman v. Superior Ready Mix Concrete, L.P.* (2018) 30 Cal.App.5th 474, 489.)

12

### A.    Aaronoff's Challenge to Olson's Attorney Fees Award

Aaronoff contends the trial court abused its discretion by failing to consider her ability to pay in determining Olson's award of attorney fees.  We disagree.

Trial courts enjoy broad discretion in awarding attorney fees. Exercise of that discretion is guided by statute.  Aaronoff is correct there can be a statutory obligation for the trial court to assess a party's ability to pay in awarding attorney fees. (See, e.g., Fam. Code, § 271, subd. (a).)  But Code of Civil Procedure section 527.6, subdivision (s), upon which the trial court in this case expressly relied, contains no such requirement.  The statute provides:  "The prevailing party in an action brought pursuant to this section may be awarded court costs and attorney's fees, if any."  Nonetheless, at the hearing the court advised it was taking into account each party's ability to pay "to do substantial justice," and Aaronoff, appearing in propria persona, argued to the court at length that she lacked the ability to pay any attorney fees.

### B.    Olson's Challenge to Aaronoff's Attorney Fees Award

#### 1.    Factual background

Prior to awarding attorney fees, the trial court explained how it had calculated them:  The court had conducted a line-by-line examination of each party's billing statements and deducted those charges that were duplicative, unreasonable, or unnecessary to the objectives of the litigation.  Using this approach, the court found Aaronoff had incurred $40,295 in attorney fees after deducting $6,790 from Aaronoff's total bill of $47,085.  As for Olson, the court determined his attorney fees were $118,897.03 after deducting $31,877.  Aaronoff thus owed Olson $78,602.03 in attorney fees.

The record shows the parties had an agreement concerning their requests for attorney fees.  The parties realized the total fees charged by their trial counsel included overlapping or mixed fees for the defense and prosecution of the respective petitions.  To ensure the trial court considered only the defense fees, the parties agreed to request half of

13

the total fees charged in moving for attorney fees. Aaronoff requested attorney fees in the amount of $24,750, or roughly half of the $47,085 of total fees charged. In awarding Aaronoff $40,295 instead of $24,750, the court explained it viewed cutting her total fees in half as a basis for determining her award was "an arbitrary decision." The court stated, "[I]t is more fair and equitable that the court consider all of [Aaronoff's] attorney's fees and costs expended in this matter."

### 2. Trial court did not abuse its discretion in awarding Aaronoff increased attorney fees

Olson argues the trial court abused its discretion by "unilaterally and substantially" increasing Aaronoff's fees beyond the maximum she requested pursuant to the parties' agreement. Olson's argument is without merit.

The trial court exercised its statutory authority to award Aaronoff attorney fees. Ample evidence supported the amount of the award as calculated by the court. Olson has provided no authority for the proposition the court was constrained by the parties' agreement from exercising its authority under section 527.6 to impose attorney fees.

## IV. Amendment to Olson's Attorney Fees Award

Aaronoff timely appealed from the April 17, 2019 order that she pay Olson attorney fees. Thereafter, Olson applied ex parte to amend the order to add the ATW Trust and its trustees as judgment debtors. He argued the alter ego theory and/or the equitable principles theory supported his application.

On November 6, 2019, the trial court granted Olson's application.[8] As pertinent here, the court ruled the order awarding attorney fees to Olson be amended "to include Vidala Aaronoff, Trustee of the ATW Trust, With An Effective Date of January 1, 2012, Milder Arroliga, Trustee of the ATW Trust, With An Effective Date of January 1, 2012, any and all current trustees of the ATW Trust, With

---

[8] The proceedings were not reported; the trial court issued the orders in chambers.

14

an Effective Date of January 1, 2012, and The ATW Trust, as additional judgment debtors." Aaronoff did not appeal from the amended attorney fees order.

In her reply brief, Aaronoff contends the amended attorney fees order constituted reversible error because it violated the automatic stay provision triggered by an operative appeal. We agree.

Pursuant to section 916, "the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order, but the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order." (§ 916, subd. (a).) "The purpose of the automatic stay . . . 'is to protect the appellate court's jurisdiction by preserving the status quo until the appeal is decided' " and to " 'prevent[ ] the trial court from rendering an appeal futile by altering the appealed judgment or order by conducting other proceedings that may affect it.' " (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 189; *LAOSD Asbestos Cases* (2018) 28 Cal.App.5th 862, 872 [§ 916 precludes the trial court from enforcing, vacating, or modifying an appealed judgment].) "[S]ection 916, as a matter of logic and policy, divests the trial court of jurisdiction over the subject matter on appeal—i.e. jurisdiction in its fundamental sense." (*Varian Medical Systems, Inc. v. Delfino, supra,* at p. 198.) Accordingly, "any subsequent trial court proceedings on matters 'embraced' in or 'affected' by the appeal [are] void—and not merely voidable." (*Ibid.*; *id.* at p. 196 ["any judgment or order rendered by a court lacking subject matter jurisdiction is 'void on its face' "].)

Except for a brief reference in a footnote, Olson does not address the automatic stay provision of section 916. Instead, he argues we have no jurisdiction to review the amended attorney fees order of November 6, 2019, because Aaronoff failed to appeal from it.[9] Olson is

---

[9] In the footnote, Olson cites *Hearn Pacific Corp. v. Second Generation Roofing, Inc.* (2016) 247 Cal.App.4th 117 to suggest because Aaronoff failed to perfect her appeal from the amended attorney fees

correct that Aaronoff failed to appeal from this postjudgment order. He is also correct that the time for filing a notice of appeal is jurisdictional and once the deadline has expired, we have no power to entertain the appeal. (*Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56; see rule 8.104(a)(1).) But where, as here, an order or judgment lacks subject matter jurisdiction, it can be attacked at any time, even for the first time on appeal.[10] (*People v. Lara* (2010) 48 Cal.4th 216, 225; accord, *Alliance for California Business v. State Air Resources Bd.* (2018) 23 Cal.App.5th 1050, 1060.)

Next, Olson contends, assuming Aaronoff has invoked appellate jurisdiction, the trial court properly amended the attorney fees order for the same two reasons Olson provided in his application: First, the trial court's authority to amend a judgment " ' " 'to add additional judgment debtors on the ground that a person or entity is the alter ego of the original judgment debtor . . . " 'is an equitable procedure based on the theory that the court is . . . inserting the correct name of the real defendant.' " ' " ' " (*Favila v. Pasquarella* (2021) 65 Cal.App.5th 934, 942; accord, *Greenspan v. LADT LLC* (2010) 191 Cal.App.4th 486, 508.)

---

order, no automatic stay was possible. But in that case, the party filed an untimely appeal from the original attorney fees order, which meant the trial court still had jurisdiction to amend the attorney fees order as it did. (*Id.* at pp. 146–147.)

[10] We also note Walkowiak moved to vacate the amended fee order as "void" for violating section 916, and he timely filed appeal B309136 from the trial court's denial of his motion. Courts have long recognized a void judgment may be attacked " ' "directly or collaterally . . . either by parties *or strangers*." ' " (*OC Interior Services, LLC v. Nationstar Mortgage, LLC* (2017) 7 Cal.App.5th 1318, 1330, italics added.) Strangers to the action can attack the void judgment or order so long as they show their interests have been affected by it. (*Plaza Hollister Ltd. Partnership v. County of San Benito* (1999) 72 Cal.App.4th 1, 15–16.)

Olson argues because, under section 187,[11] the ATW Trust was Aaronoff's alter ego, the order awarding Olson attorney fees could be amended to include the trust as the true judgment debtor to carry out the order. Second, "an unnamed party may be included as a judgment debtor if 'the equities overwhelmingly favor' the amendment and it is necessary to prevent an injustice." (*Carolina Casualty Ins. Co. v. L.M. Ross Law Group, LLP* (2012) 212 Cal.App.4th 1181, 1188–1189.) Olson argues the evidence he presented that Aaronoff was using the ATW Trust to fraudulently shield assets from debt collection clearly justified the amendment.

Olson's arguments miss the point. There is no dispute a trial court generally has authority to amend a judgment to add a judgment debtor under the alter ego theory and equitable principles theory—but not after the party has perfected an appeal. Aaronoff's earlier and timely appeal from the original attorney fees order divested the trial court of jurisdiction to add the ATW Trust and its trustees as judgment debtors. The court acted contrary to section 916, which precluded it from amending the attorney fees order while the order was under review in this court. The amended attorney fees order is therefore void.

Because section 916 divested the trial court of jurisdiction over the subject matter of the attorney fee order, "any 'proceedings taken after the notice of appeal was filed are a nullity' " and "void—and not merely voidable." (*Varian Medical Systems, Inc. v. Delfino*, *supra*, 35 Cal.4th at pp. 197–198.) When " 'there is an appeal from a void judgment' "—or in this case, a void amended order—our jurisdiction " 'is limited to reversing the trial court's void acts.' " (*Id.* at p. 200.) That is what we are obligated to do here.

---

[11] Section 187 provides: "When jurisdiction is, by the Constitution or this Code, or by any other statute, conferred on a Court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of proceeding be not specifically pointed out by this Code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this Code."

17

**DISPOSITION**

The judgment of dismissal following the denial of Aaronoff's restraining order petition (appeal B295388) and the orders awarding attorney fees to both parties (appeals B298224 and B298532) are affirmed.  The order of November 6, 2019, amending the order awarding Olson attorney fees (appeal B305935) is reversed as void, and the order of April 16, 2021, further amending that order (appeal B314319) is vacated.  Appeal B309136 is dismissed as moot.  The parties are to bear all their own costs on appeal.

NOT TO BE PUBLISHED.


LUI, P. J.

We concur:



CHAVEZ, J.



HOFFSTADT, J.

18